GARNET E. BEAL, ESQ.
Nevada Bar No.: 12693
DIMOPOULOS INJURY LAW
6830 S. Rainbow Blvd., Suite 200
Las Vegas, NV 89118
O: (702) 800-6000
F: (702) 224-2114
gb@stevedimopoulos.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA ANN ENGLISH, individually,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY ALAN BOWMAN, individually; J.B. HUNT TRANSPORT, INC., a foreign corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-01176-APV-VCF<br><br><br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Barbara Ann English, by and through her counsel, GARNET E. BEAL, ESQ. of the DIMOPOULOS INJURY LAW, and for her First Amended Complaint against the Defendants, and each of them alleges as follows:

**GENERAL ALLEGATIONS**

1. At all times relevant herein, Plaintiff Barbara Ann English("Plaintiff") is and was a resident of Clark County, State of Nevada.

2. Upon information and belief at all times relevant herein Defendant Timothy Alan Bowman("Defendant") is and was a resident of the State of California.

. . .

. . .

. . .

. . .

3. Upon information and belief and at all times relevant herein, Defendant J B HUNT TRANSPORT, INC ("HUNT") is and was at all times relevant herein, a foreign corporation authorized to conduct business and doing business in the State of Nevada. At all times relevant to these proceedings, Defendant was an authorized agent and/or employee of Defendant HUNT acting within the course and scope of his agency or employment.

4. The true names and capacities of Defendants named herein as DOES I through X, and ROE BUSINESS ENTITIES I through X, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said defendants so designated herein is responsible in some manner for the events and occurrences referred to herein alleged, and Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of DOES I through X, and ROE BUSINESS ENTITIES I through X, when the same have been ascertained and to join such defendants in this action.

5. On or about June 14, 2018, Defendant was the operator of a 2015 International Truck bearing Oklahoma license plate 2VG866 and was in the course and scope of his employment with HUNT.

6. At all times relevant herein, HUNT is and was the owner of the vehicle operated by Defendant. Defendant operated said vehicle with the full knowledge, permission and consent of HUNT.

7. On or about June 14, 2018, Plaintiff was operating her 2014 Buick Encore bearing Nevada license plate 064YXD northbound on Eastern Avenue, south of the IR215 on ramp in the right turn lane in Las Vegas, Clark County, Nevada.

8. As Plaintiff's vehicle slowed for traffic, Defendant Bowman, who was traveling immediately behind Plaintiff, failed to stop for traffic, failed to use due care and collided with the rear of Plaintiff's vehicle, thereby causing injuries and damages to Plaintiff.

. . .

. . .

## FIRST CLAIM FOR RELIEF
(NEGLIGENCE-DEFENDANT BOWMAN)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 8, as though fully set forth herein.

9.  On or about June 14, 2018, the Defendant had a duty to operate his vehicle in a careful and prudent manner.

10. Defendant breached this duty when he operated his vehicle in a negligent, careless and reckless manner when he failed to pay full attention to driving and rear-ended Plaintiff's vehicle, thereby causing damages and injuries to Plaintiff.

11. By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

12. By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

13. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

14. By reason of the premises and as a direct and proximate result of the Defendants' negligence, Plaintiff has been required to and did lose time from her employment, continues to and shall continue to be limited in each of her activities and occupations which have caused and shall continue to cause Plaintiff's loss of earnings and earning capacity to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff asks leave of this Court to insert said amount when the same shall be fully ascertained.

15. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and, therefore, entitled to reasonable attorney's fees and costs incurred herein.

### SECOND CLAIM FOR RELIEF
(NEGLIGENCE PER SE-DEFENDANT BOWMAN)

Plaintiffs repeats and realleges the allegations contained in Paragraphs 1 through 15, as fully set forth herein.

16. Defendant had a duty to operate his vehicle in accordance with the traffic laws of the State of Nevada.

17. Defendant violated the laws of the State of Nevada by operating his vehicle in a negligent, careless and reckless manner, by failing to pay full attention to driving and thus, rear-ended Plaintiff's vehicle, thereby causing damages and injuries to Plaintiff. Thus, Defendant is negligent per se.

18. By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

19. By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

20. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

### THIRD CLAIM FOR RELIEF
(NEGLIGENCE ENTRUSTMENT-DEFENDANT HUNT)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20, as fully set forth herein.

21. HUNT entrusted said vehicle to Defendant when they allowed him to drive said vehicle.

22. HUNT knew or should have known that the Defendant lacked the skill and necessary training in operating a motor vehicle entrusted to him. As such, HUNT knew or should have known of the significant hazards arising from the operating of said motor vehicle on public streets.

23. HUNT knew or should have known that the entrustment of said vehicle to Defendant would inflict damages to person and property using public streets, including Plaintiff.

24. HUNT had a duty to only trust said vehicle to qualified and competent drivers.

25. HUNT breached this duty when they entrusted the vehicle to Defendant.

26. By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

27. By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

28. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

### FOURTH CLAIM FOR RELIEF
(RESPONDEAT SUPERIOR-DEFENDANT HUNT)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 28, as if fully set forth herein.

29. HUNT entrusted said truck to Defendant in order to generate income and profits.

30. Defendant is and was an employee of HUNT and under the supervision and

control of TCWA at the time of the accident described herein.

31. At all times relevant herein, Defendant was acting within the scope and course of his employment with HUNT at the time of the accident described herein.

32. By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

33. By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

34. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

WHEREFORE, Plaintiff Barbara Ann English prays for judgment on all claims for relief as follows:

1. General damages in excess of $15,000.00.
2. Special damages in excess of $15,000.00.
3. Lost wages in an amount yet to be determined.
4. Costs of suit incurred including reasonable attorneys' fees.
5. For such other relief as the Court deems just and proper.

DATED THIS 10 day of July, 2019.

DIMOPOULOS INJURY LAW

GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
6830 South Rainbow Boulevard, #200
Las Vegas, NV 89118